Honorable Jim Hargrove State Senator, 24th District P.O. Box 40424 Olympia, WA 98504-0424
Dear Senator Hargrove:
By letter previously acknowledged, you have requested an opinion on the following paraphrased question:
 1. Do certain weapons meet the definition of "short-barreled shotguns" set forth in RCW 9.41.010(6), where the weapons, as originally manufactured,[1] are not intended to be shoulder-fired and possess some, but not all, of the characteristics of a shotgun?
 BRIEF ANSWER
A weapon which as originally manufactured was not intended to be shoulder-fired is not a "short-barreled shotgun" as defined in RCW 9.41.010(6). A "short-barreled shotgun" is a weapon that is a "shotgun" with a barrel length less than 18 inches and any weapon made from a "shotgun" if the overall length is less than 26 inches. The statutory definition of a "shotgun," pursuant to RCW 9.41.010(5), includes a requirement that the weapon be intended to be fired from the shoulder.
 BACKGROUND
With your opinion request, you enclosed a packet of information containing descriptions and diagrams of varied weapons that, as originally manufactured, share some, but not all, of the characteristics of a shotgun. For example, these include:
[original page 2] • the "witness protection shotgun" and the "super shorty," each manufactured with a pistol grip and a shortened smooth bore stock that fires a shotgun shell;
 • the "mag-light shotgun" that appears to be a commonly sold flashlight that has been converted to fire a shotgun shell; and
 • "pen guns" or "cane guns" that are modified pens and canes that may have smooth bore barrels that likely fire bullets and not shotgun shells.
As well as providing a certain utility, many of these weapons may have value to firearms collectors. Your packet also indicates that under federal law, these weapons could be classified as "any other weapon" pursuant to 26 U.S.C.A. § 5845 of the National Firearms Act,26 U.S.C.A. §§ 5801-72.[2]
 ANALYSIS
The Legislature amended RCW 9.41.010 to define "shotgun" and "short-barreled shotgun" and amended RCW 9.41.190, making the possession of a short-barreled shotgun illegal with certain exceptions. Laws of 1994, 1stSpec.Sess., ch. 7, §§ 401, 420. The amendments were part of a comprehensive enactment titled "AN ACT relating to violence prevention", and its intent was in part to reduce "the unlawful use of and access to firearms". Id at § 101. The Legislature has defined the term "short-barreled shotgun" as
 ashotgun having one or more barrelsless than eighteen inches in length and any weapon made from a shotgun by any means of modification if such modified weapon has an overall length of less than twenty-six inches.
RCW 9.41.010(6) (emphasis added). This definition of "short-barreled shotgun" relies on the definition of "shotgun" to describe a different type of shotgun that varies by its size.[3] In other words, a weapon is a "short-barreled shotgun" if it either (1) meets the definition of a "shotgun" with a shortened barrel or (2) is made from a weapon that, as originally manufactured, met the definition of a "shotgun." The definition of "shotgun" is
 a weapon with one or more barrels, designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned, made or remade, and intended to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.
[original page 3] RCW 9.41.010(5) (emphasis added). The definition gives four distinct characteristics of a shotgun that differentiates it from other firearms such as pistols, rifles, and machine guns: (1) The weapon is intended to be fired from the shoulder; (2) the weapon uses the explosive in a fixed shotgun shell; (3) the weapon fires either a number of ball shot or a single projectile for each single pull of the trigger; and (4) the projectiles are fired through a smooth bore.[4]Statutes should be construed to determine the Legislature's intent. Dep'tofEcology v. Campbell Gwynn, L.L.C., 146 Wn.2d 1, 43 P.3d 4 (2002). "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." Id. at 9. The "plain meaning" of a statutory provision is to be discerned from the ordinary meaning of the language at issue, as well as from the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. Id. at 10. If the provision is still subject to more than one reasonable interpretation, it is ambiguous.
The definition of "shotgun" is critical to the analysis of this opinion, since the definition of "short-barreled shotgun" relies on the definition of "shotgun." The definition of "shotgun" requires that the weapon is "intended to be fired from the shoulder". RCW 9.41.010(5). That term has an ordinary meaning that is unambiguous. Therefore, a weapon that as originally manufactured is not intended to be fired from the shoulder is neither a shotgun nor a short-barreled shotgun.
The definition of "short-barreled shotgun" also includes "any weapon made from a shotgun" with an overall length of less than 26 inches. However, your request concerns only weapons that, as originally manufactured, are not intended to be shoulder-fired and therefore were not "made from a shotgun." We do not address weapons that are made from a shotgun and, due to the modifications, are no longer intended to be fired from the shoulder. Our interpretation of the definition of "short-barreled shotgun" may result in anomalies where functionally equivalent weapons would be classified differently based on whether their characteristics were originally manufactured or modified. We cannot avoid this, since the current law defines as "short-barreled shotguns" only weapons that either were originally, or still are, "shotguns." The Legislature might wish to examine the current definitions and modify them if the current definitions do not adequately reflect legislative intent.
In summary, the weapons described in the attachments to your request are not "short-barreled shotguns" under state law, because they were never intended to be shoulder-fired and therefore were never "shotguns" as defined in state law. An originally-manufactured firearm with the hybrid characteristics of a pistol, rifle, and/or shotgun does not meet the statutory [original page 4] definition of a shotgun if, when manufactured, it did not possess all the characteristics of a shotgun and therefore would not be properly classified as a "short-barreled shotgun."
We trust this opinion will be of assistance to you.
Sincerely,
ROB MCKENNA Attorney General
TIMOTHY D. FORD Deputy Solicitor General
:pmd
[1] The analysis of this opinion does not include weapons that, as originally manufactured, met all the requirements of a shotgun as set forth in RCW 9.41.010(5).
[2] We offer no opinion on the appropriate federal classification of these specific weapons. The purpose of this opinion is not to specifically address each different weapon described in the packet of information provided by your office, but rather to interpret state law with regard to a general category of weapons that, as originally manufactured, do not possess all the characteristics of a shotgun. As noted below, the federal classification system for weapons uses different categories and definitions from those in our state law.
[3] The utility of shortening the barrel or stock of a shotgun is that a shortened weapon may be more readily concealed and may be more easily aimed and fired from the hip.
[4] TheWashingtonStatelaw defining "shotgun" is virtually identical to the federal definition of "shotgun." See National Firearms Act,26 U.S.C.A. §§ 5801-72. However, federal law does not contain a specific definition for "short-barreled shotgun." Rather, federal law classifies weapons with some, but not all, of the characteristics of a shotgun as either an "any other weapon" or a "firearm." U. S. v. Fischer,353 F.2d 396, 397 (5th Cir. 1965) (defining a weapon that is "neither a shotgun (defined for the purpose of this statute as designed to be fired from the shoulder) nor a pistol"). There is no catch-all statutory definition inWashingtonlaw analogous to the federal "any other weapon" classification. Because the federal definitions are not analogous to our own, federal statutory and case law are not helpful in answering your questions.